PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALI MOSHIR<br>(#26897-055), | )<br>)<br>) | CASE NO. 4:17CV2316 |
| Plaintiff, | )<br>) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | )<br>) | |
| NEOCC, *et al.*, | )<br>) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro se* Plaintiff Ali Moshir, an inmate at the Northeast Ohio Correctional Center ("NEOCC"), filed this *in forma pauperis* civil rights action against Defendants NEOCC, Core Civic, CCA, DOC, USMS Youngstown, State of Ohio, Federal Government, Mr. Larose, Mahoning County, "Involving Associates (including Mr. Strugis and Mr. Miner)," and "Any and All Could be Added Party(s)." He alleges in the Complaint (ECF No. 1) that he was improperly disciplined at NEOCC, subjected to excessive force, and deprived of personal property that was removed from his cell.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2). For the reasons stated below, that motion is denied and this action is dismissed without prejudice.

### I. 28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees

(4:17CV2316)

and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act ("PLRA") also are counted toward the "'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." "The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 Fed.Appx. 560, 562 (6th Cir. 2011). For purposes of determining whether a pleading satisfies this exception, the Court considers whether the plaintiff

2

(4:17CV2316)

is in imminent danger at the time of the filing of the complaint. *Id.* (noting that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 Fed.Appx. 796, 797 (6th Cir. 2008). Moreover, "[a]ssertions that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, 483 Fed.Appx. 28, 30 (6th Cir. 2012) (citing *Rittner*, 290 Fed.Appx. at 797-98).

## II. Analysis

Plaintiff has on at least three prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).[1] Because Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), the Court must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time the Complaint (ECF No. 1) was filed. Plaintiff's Complaint (ECF No. 1) does not contain allegations suggesting he is in imminent danger of serious physical injury due to Defendants' actions. Therefore, Plaintiff may not proceed *in forma pauperis* in the case at bar.

---

[1] *See Moshir v. NEOCC*, No. 4:17CV1106 (N.D. Ohio Aug. 31, 2017) (Pearson, J.); *Moshir v. Valentine*, No. 4:17CV1459 (N.D. Ohio Aug. 31, 2017) (Pearson, J.); and *Moshir v. NEOCC*, No. 4:17CV1480 (N.D. Ohio Oct. 13, 2017) (Pearson, J.).

(4:17CV2316)

### III. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is denied, and this case is dismissed without prejudice. If Plaintiff wishes to proceed with this action, he must, within thirty days of the date of this order, file a motion to reopen and pay the entire filing fee of $400.00. No other documents will be accepted for filing unless Plaintiff pays the full filing fee. If Plaintiff does not pay the full filing fee within thirty days, this case will be dismissed with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| January 12, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |